THOMAS P. HAYWOOD, Admr. v. ROBERT W. HARDIE.

*Attachment--Costs and Expenses of--Incompetency of  Witness.*

1. Where an attachment against A is levied upon the goods of B, which being perishable are sold by the Sheriff, and B interpleads in the action and recovers judgment. *Held*, that the costs and expenses of the attachment, sale, &c.. are not properly chargeable against the fund arising from such sale.

2. In such case, after the death of B, the Sheriff is not a competent witness as to any communication made to him by B.

CIVIL ACTION, to recover Damages, tried at January Special Term, 1876, of CUMBERLAND Superior Court, before *Buxton, J.*

This action was commenced on the 6th of June, 1870, by one Moses Haywood, the intestate of plaintiff. The complaint alleged that the defendant, Sheriff of said County, had seized and sold certain goods of said intestate. The answer denied that intestate was the owner of the goods, and justified the seizure by an attachment in the hands of said Sheriff, against one E. L. Phillips. The defendant alleged

that he was induced to believe that said goods belonged to Phillips by the acts and declarations of Haywood and that being perishable property he sold the same according to law, after obtaining a bond of indemnity from the plaintiff in the attachment. Under a reference to the Clerk of said Court, he reported the amount of sale to be $2,544.56, and no exception being taken thereto, the report was confirmed.

It appeared from the record of the suit in which said attachment was granted, that W. Devries & Co. were plaintiffs and said Phillips, defendant. The plaintiff's intestate, Moses Haywood, interpleaded in that suit, claiming the property as his own, and on appeal to this Court it was decided in favor of said Haywood, (64 N. C. 83.) who subsequently received of the Sheriff $2,250 of the proceeds of the sale of the goods attached, leaving a balance of $294 56 in the hands of the Sheriff.

Out of the last mentioned sum, the Sheriff paid a freight bill of $13.50, and the plaintiff in this action asked for judgment for balance, $281 06 with interest.

The defendant replied that this amount had been applied in payment of expenses, costs, &c., and insisted that the plaintiff had already been paid, as set forth above, and was not entitled to recover.

Under the instructions of His Honor the jury rendered a verdict for plaintiff. Judgment for 281.06, interest, &c. Appeal by defendant.

Messrs. Neill McKay, N. V. Ray and J. W. Hinsdale, for plaintiff.

Messrs. B. Fuller and Merrimon, Fuller & Ashe, for defendant.

READE, J. Devries & Co. sued out an attachment against Phillips, and the defendant as Sheriff levied the attachment.

on goods which he supposed to be Phillips, but which were in fact the property of Moses Haywood, who was plaintiff's intestate  After the levy Moses Haywood interpleaded that the goods were his and was made a party; and the interplea was found in his favor.  In the meantime the defendant Sheriff had sold the goods, the same being perishable. for the sum of $2,544.55; and in the same suit it was referred without objection, to ascertain the value of the goods; and the referee reported that the amount of the sale was the value, $2.544.56; and there being no exceptions to the report, Moses Haywood recovered that sum and the defendant Sheriff paid Moses Haywood $2,250 and refused to pay the balance $294.56, because he says he expended $13 50 for ocean freight, which sum was allowed and reduced the balance to $281 06 and that this balance he had expended in and about the sale.

We are of the opinion that he was not entitled to retain for the expenses of the sale, because it was his own wrongful act to take Haywood's goods and sell them.

It would be monstrous if one man could take the property of another against his will and sell it and charge for doing it.   Nor is the matter altered by the fact that the defendant was Sheriff; because he had the right to require an indemnity from the plaintiff Devries & Co. as in fact he did.

In order to show the amount of the defendant's liability the plaintiff introduces the record of the suit between Devries & Co. and Phillips and Haywood's interpleader, containing the defendant's official levy and sale.  To this the defendant objected.  We think it was competent for the purpose for which it was offered.

The defendant offered to prove by his own oath that the plaintiff's intestate induced him, by something that he said, to levy on the goods as the property of Phillips.

We think this was properly refused him under our statute

which forbids a party to testify as to a transaction between himself and the intestate of the other party.

There is no error.

PER CURIAM.                                    Judgment affirmed.